UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
|  | ) |  |
| HI-RISE RECYCLING | ) |  |
| COMPANIES, INC. D/B/A AG | ) |  |
| PRODUCTS, BESPAC WASTE | ) | CASE NO. 04-64352 |
| HANDLING EQUIPMENT, | ) |  |
| DEVIVO INDUSTRIES, HESCO | ) |  |
| SALES AND MIDSOUTH SALES, | ) |  |
|  | ) | ADVERSARY NO. 06-6128 |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| OFFICIAL COMMITTEE OF | ) | JUDGE RUSS KENDIG |
| UNSECURED CREDITORS, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| CERTIFIED STEEL CO., | ) | **MEMORANDUM OPINION (NOT** |
|  | ) | **INTENDED FOR PUBLICATION)** |
|  | ) |  |
| Defendant. | ) |  |

This matter comes before the court upon a motion by Certified Steel Co. (hereafter "Defendant") to vacate judgment and for leave to file answer instanter, filed on April 3, 2007. The Official Committee of Unsecured Creditors (hereafter "Plaintiff") filed a brief in opposition to Defendant's motion on April 17, 2007. Defendant filed a reply brief on April 23, 2007. A hearing was held on April 24, 2007. Defendant was represented at the hearing, while Plaintiff did not appear. For the reasons set forth below, Defendant's motion to vacate is **GRANTED**. Defendant's motion for leave to file answer instanter is also **GRANTED**.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2). The following are the court's findings of facts and conclusions of law

1

pursuant to Fed. R. Bankr. P. 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Hi-Rise Recycling Cos, Inc. (hereafter "Debtor") filed a chapter 11 petition on August 16, 2004. On July 31, 2006, Plaintiff filed an adversary proceeding against Defendant seeking to avoid and recover sixteen transfers totaling $475,914.16 pursuant to 11 U.S.C. §§ 547 and 550. The complaint further sought disallowance of pre-petition claims to the extent that the payments were found to be avoidable and were not returned to Plaintiff. On August 11, 2006 a summons was issued by the clerk's office. The summons service executed was filed on August 16, 2006, noting that service to Defendant had been made by mail. Both parties concur that counsel for Plaintiff consented to an extension of time until September 26, 2006 for Defendant to file an answer to the complaint.

On September 25, 2006, Charles Reuther, general counsel for Defendant (hereafter "Reuther") sent an answer to the complaint to the Clerk of Courts via overnight delivery. The Clerk of Courts returned the answer because it was not submitted electronically, as required by the United States Bankruptcy Court for the Northern District of Ohio.

Subsequently, on September 29, 2006, Plaintiff filed a motion for default judgment. The court entered default judgment on October 3, 2006 that granted Plaintiff judgment against Defendant for $475,914.16, plus interest at the annual rate of 5%, attorneys' fees, court costs; ordered Defendant to pay the amount to Plaintiff; and disallowed Defendant's claims to the extent Defendant refused to turnover the amount awarded.

Defendant filed a motion for leave to file answer and a motion seeking admission pro hac vice for Reuther on October 27, 2006. The court granted the two motions and, in the order of November 7, 2006 (the "November 7 Order"), specifically provided that Reuther had until December 18, 2006 to complete ECF training and file a motion for relief from judgment. In its answer, Defendant asserts that the transfers were contemporaneous exchanges for new value; were made in the ordinary course of business; and made to Defendant which gave Debtor new value not secured by otherwise unavoidable security interest and on account of which debtor did not make an otherwise unavoidable transfer to Defendant. Defendant contends that neither the company nor Reuther received a copy of the November 7 Order from the court or the order granting default judgment until local counsel was hired in March of 2007. Defendant also asserts that, after filing their motion for leave to file, Reuther engaged in settlement discussions with Plaintiff and provided Plaintiff with payment histories concerning the transfers.

2

## PARTIES' ARGUMENTS

In their motion to vacate judgment, Defendant argues that the default judgment should be vacated pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure. According to Defendant, they inadvertently failed to meet the deadlines established by the November 7 Order. Defendant asserts that vacating the judgment would not prejudice Plaintiff, as no discovery or evidential issues would arise as a result and further contends that delay in the adjudication process is not a sufficient basis for establishing prejudice when considering a Rule 60(b) motion. Defendant next posits that they have a meritorious defense to present if the motion to vacate were granted. Offering a defense to the preferential claim, Defendant states that each of the payments at issue was for debts incurred in its ordinary course of business as a steel fabricator. Finally, Defendant posits that vacating the default judgment is appropriate because Defendant did not engage in culpable conduct which led to the default, defining culpable conduct as conduct with the "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Attached to Defendant's motion is Reuther's affidavit, stating, in pertinent part, that he had engaged in settlement discussions with counsel for Plaintiff and that he did not receive a copy of the November 7 Order or the order granting default judgment. Defendant also includes a copy of the letter sent to counsel for Plaintiff detailing the payment procedure and history between Defendant and Debtor and explaining why these payments were made in the ordinary course of business or qualified as contemporaneous exchange transfers.

Plaintiff asserts that the court should base its Rule 60(b) analysis on the provisions set forth in Waifersong Ltd. Inc., et al. v. Classic Music Vending, 976 F.2d 290 (6th Cir. 1992). According to Plaintiff, Defendant must prove that the judgment was not a result of Defendant's culpable conduct. Plaintiff argues that, in this case, mistake, inadvertence, surprise, and excusable neglect are lacking. According to Plaintiff, Reuther's actions of failing to apprise himself of the electronic filing requirements and missing the deadline established by the court constitutes culpable conduct. Plaintiff suggests that Defendant's motion to vacate was precipitated by Plaintiff's domestication of its default judgment in the Superior Court of New Jersey on March 14, 2007. Plaintiff next argues that Defendant cannot prevail on their motion because they do not have a meritorious defense to Plaintiff's claims. Plaintiff disputes Defendant's claim that settlement negotiations "are ongoing." Plaintiff lists several reasons as to why they will be prejudiced if the motion is granted, including dissipation of assets and the delay in closing the bankruptcy estate. Finally, Plaintiff states that Rule 60(b)(6) should not be utilized because no exceptional circumstances exist in this case.

In their response brief, Defendant argues that Reuther's actions did not constitute culpable conduct. They contend the certificates of service issued by the court illustrate that Reuther and Defendant never received service of the November 7 Order. Defendant states that they have a meritorious defense to Plaintiff's claims, as the payments made between June 14, 2004 and August 10, 2004 were paid as cash-in-advance or cash-on-demand. Citing cases stating that delay in an adjudication process is not sufficient to establish prejudice, Defendant argues that vacating the judgment would not unduly prejudice Plaintiff. Finally, Defendant seeks a hearing

3

on damages pursuant to Federal Rule of Civil Procedure 55(b)(2) if the judgment is not vacated. Because they made an informal appearance in this case, Defendant argues, they were entitled to notice of the motion for default judgment at least three business days prior to the order or hearing on this motion. Attached to the response is a supplemental affidavit of Reuther, stating that he never received service of the November 7 Order of the court or the default judgment order. Reuther's legal assistant also submitted an affidavit stating that she receives mail addressed to Reuther or Defendant and did not receive a copy of the November 7 Order of the court or the October 3, 2006 default judgment.

A hearing was held on the motion to vacate on April 24, 2007. Reuther and his attorney appeared. Counsel for Plaintiff did not appear because the hearing was not scheduled on her calendar.

## LAW AND ANALYSIS

### I. Rule 60(b)

Defendant moves to vacate the judgment arguing that it was excusable neglect to fail to comply with the November 7 Order as they did not have notice of the order's provisions. Motions to vacate are analyzed pursuant to Federal Rule of Civil Procedure 60, applicable to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) states in pertinent part:

> On a motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...or; (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason[] (1) . . . not more than one year after the judgment, order or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). The movant has the burden of proof in a Rule 60(b) motion. Manufacturers' Industrial Relations Assn. v. East Akron Casting Co., 58 F.3d 204, 207 (6th Cir. 1995).

### A. 60(b)(1)

In deciding a Rule 60(b)(1) motion, the court must consider the following factors:

> (1) Whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.

4

Waifersong, 976 F.2d at 292. However, the court must first determine that the default judgment did not result from the culpable conduct of Defendant. Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002). Defendant has the burden to show that the default was "the product of mistake, inadvertence, surprise, or excusable neglect." Id. After such determination, the court must consider the remaining two factors. Id.

*(1) Culpability – Excusable Neglect Under Rule 60(b)(1)*

In Pioneer Investment Services Co. v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993), the Supreme Court construed the term "excusable neglect" in relation to Federal Rule of Bankruptcy Procedure 9006(b)(1), but found this analysis applicable to cases under Federal Rule of Civil Procedure 60(b). Id. at 393-94. "The Court determined that 'neglect' must be given its ordinary meaning, which would include 'late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" Jinks v. Alliedsignal, Inc., 250 F.3d 381, 386 (6th Cir. 2001).

First, the court must determine whether a party's failure to act was due to "neglect." Pioneer Inv. Servs. Co., 507 U.S. at 388-93. In the present case, Defendant failed to comply with the November 7 Order because they did not receive a copy of the order. Their failure to act stems from Reuther's failure to follow up by either calling the court to inquire about the order or checking the public online docket to determine whether the order had been signed. These actions are within the realm of "neglect" as defined by the Supreme Court.

The next inquiry for the court is whether Defendant and Counsel's neglect was "excusable." Id. at 395. Though the conclusion as to whether neglect is excusable is an equitable one, factors to consider include "(1) the danger of prejudice to the other party; (2) the length of delay; (3) its potential impact on judicial proceedings; (4) the reason for the delay, and (5) whether the movant acted in good faith." Jinks, 250 F.3d at 386. This test applies equally to a party's or his attorney's conduct. Pioneer Inv. Servs. Co., 507 U.S. at 396.

There is minimal prejudice to Plaintiff from the delay, other than the extra work and time required to litigate the adversary proceeding on the merits in this case, and there are no concerns regarding loss of evidence, discovery difficulties or fraud potential. See Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990) (stating that prejudice must amount to more than simply giving an opportunity to defend on the merits and "setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion"); see also In re Geberegeorgis, 310 B.R. 61, 67 (B.A.P. 6th Cir. 2004) (stating that no prejudice was found, even though party opposing the motion to vacate argued they would lose the finality they desired).

Counsel was supposed to have completed the ECF training course and file a motion for relief from judgment by December 18, 2006. The motion to vacate was filed by local counsel for

5

Defendant on April 3, 2007, approximately three and a half months after the December deadline. It is true that Counsel should have been more diligent and (1) called the court or (2) checked on the PACER electronic system to inquire as to whether his order had been signed before three months elapsed. However, courts have granted relief from judgment for longer delays. See Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995); Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg.), 62 F.3d 730, 739 (5th Cir. 1995). More significantly, the length of delay did not affect the overall judicial proceedings of this chapter 11 case. There were several adversaries in this case that had not come to a conclusion by April 3, 2007. For example, the motion to dismiss adversary proceeding No. 06-6132 was not filed until April 30, 2007, several weeks after the motion to vacate was filed in the instant adversary proceeding.

As a reason for failing to timely file a motion to vacate in this action, Defendant proffers that neither Defendant nor Counsel received service of the November 7 Order. Defendant's theory that the certificates of service prove that Counsel and Defendant did not receive service is incorrect and, as far as the court is concerned, proper service procedures were carried out by the clerk's office and Defendant and Counsel were sent paper notices of the November 7 Order and the order granting default judgment.[1]

However, Defendant submitted affidavits of Counsel and Lisa Cicchitti, Legal Assistant to Counsel. Lisa Cicchitti states that she receives all mail of a legal nature addressed to Counsel or Defendant and that she did not receive a copy of either the default judgment or the court's November 7 Order. Similarly, Counsel's affidavit states that pleadings and correspondence of a legal nature are directed to him and that he did not receive a copy of the default judgment and did not receive a copy of the November 7 Order until it was provided to him by local counsel on March 30, 2007. While Plaintiff argues that proper service was accomplished, they do not challenge the voracity of the statements contained in the affidavits and present no evidence to establish that Counsel and/or Defendant were aware of the November 7 Order. Plaintiff was not in attendance at the hearing to question Counsel concerning the assertions made in his affidavit. Thus, though the docket reflects that the clerk's office properly sent the notice, the court has no other reason to mistrust Counsel and his legal assistant.

Finally, nothing in the record indicates that Defendant's failure was attributable to willful failure to follow court rules or orders. Plaintiff has failed to present evidence sufficient to establish that Counsel and/or Defendant were aware of the terms of the November 7 Order. The equities in this case support a finding of excusable neglect so that the adversary proceeding can be decided on the merits. This is in line with the law in the Sixth Circuit, which indicates that "a technical error or a slight mistake by [movant's] attorney should not deprive [movant] of

---

[1] The certificate of service is not the only way in which the clerk's office denotes where the service was sent. In addition, the "bullet" next to each numbered docket entry has a service list that may include recipients that are labeled "bypassed" on the attached certificate of service. Though the entire service issue would take multiple pages to explain, counsel is free to call the clerk's office to inquire as to how to properly interpret service made from information available on the docket. The meaning is not self-explanatory from the language used on the system.

6

an opportunity to present the true merits of [their] claim." In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir. 1986). Defendant must now satisfy the other two factors of the Waifersong test to successfully vacate the default judgment.

### (2) Meritorious Defense

The key in determining whether this prong has been met is whether there is "some possibility" of the result at trial being contradictory to the result attained from the default judgment. Williams v. Meyer, 346 F.3d 607, 614 (6th Cir. 2003). In preference actions, transfers may be exempt from avoidance under section 11 U.S.C. § 547(c). To qualify for shelter under 11 U.S.C. § 547(c)(1), a defendant must prove that they extended new value to the debtor, both parties intended the new value and transfer to be contemporaneous and that exchange was actually contemporaneous. Collier on Bankruptcy, ¶ 547.04 (Henry J. Sommer, ed., 15th ed. rev. 2007). In Exhibit 3 to Counsel's original affidavit, Defendant explains that the cash on delivery and cash in advance payments are exempt because they were contemporaneous exchanges as contemplated by 11 U.S.C. § 547(c)(1). Therefore, Defendant has alleged facts which may constitute a meritorious defense, if true.

11 U.S.C. § 547(c)(2) provides that a transfer may not be avoided if incurred by the debtor in the ordinary course of business. Id. In both Defendant's answer and Exhibit 3 to Counsel's original affidavit, Defendant sets forth facts detailing how and why certain payments were made in the ordinary course of business. Again, Defendant has alleged facts which may constitute a meritorious defense if true. Given the section 547(c)(1) and (c)(2) arguments and accompanying facts provided by Defendant, it is clear that there is "some possibility" of a trial result contradictory to the result attained from the default judgment.

### (3) Prejudice to Plaintiff

As discussed *supra* in Section I (A)(1), there is minimal prejudice to Plaintiff from the delay.

In sum, analysis of the above factors demonstrates that setting aside the default judgment is appropriate under Fed. R. Bankr. P. 60(b)(1).

### B. 60(b)(6)

Defendant argues that this court should grant it relief from judgment because Rule 60(b) allows the court to set aside a judgment for "any other reasons justifying relief from the judgment."

A court should utilize Rule 60(b)(6) only in "extraordinary" circumstances. Lowe's Home Centers, Inc. v. LL&127, LLC, 2005 U.S. Dist. LEXIS 30378 (W.D. Mich. 2005). In this

06-06128-rk    Doc 19    FILED 07/26/07    ENTERED 07/26/07 15:11:32    Page 7 of 9

case, Defendant is not entitled to relief under this section because no proof of extraordinary circumstances is proffered.

## II.  Conclusion

For the foregoing reasons, Defendant's motion for relief from judgment is **GRANTED** and the default judgment dated October 3, 2006 is vacated pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Defendant's motion for leave to file answer instanter is also **GRANTED**. The court will conduct a pre-trial conference on Wednesday, August 29th at 9:15 a.m. in this matter. The parties should expect an expedited schedule.

A separate order is issued herewith.

JUL 26 2007

/s/ Russ Kendig
**Judge Russ Kendig**
**U.S. Bankruptcy Judge**

## Service List

Diana Thimmig
Roetzel & Andress
1375 E. Ninth Street
One Cleveland Center
9th Floor
Cleveland, OH 44114

Charles E. Reuther
One Brunswick Circle
Lawrenceville, NJ 08648

Matthew R. Duncan
Patrick J. Keating
Buckingham, Doolittle & Burroughs, LLP
3800 Embassy Parkway, Suite 300
Akron, OH 44333